# SHELLEY *v.* WESCOTT.

STATUTE OF LIMITATIONS; ACKNOWLEDGMENT AND NEW PROMISE; EVIDENCE; STATUTORY REPEAL.

1. Testimony as to an oral acknowledgment and promise by the debtor to pay a debt, made within the statutory period of limitations, is admissible in an action against him upon the debt, under D. C. Code, § 1271, where there is other and written evidence in the case consisting of letters from him relating to the debt, as that section does not make testimony as to an oral acknowledgment or promise wholly inadmissible, but provides only that it shall not be deemed sufficient evidence.

2. D. C. Code, § 1271, providing that no acknowledgment or promise shall be sufficient evidence of a new contract whereby to take the case out of the operation of the statute of limitations, unless in writing signed by the party chargeable thereby, cannot be used by a defendant in a suit pending when the Code went into effect, to defeat a recovery, even if applicable, in view of D. C. Code, § 1638, providing that the repeal of any statute by the preceding sections shall not affect any right already accrued or suit pending, and that the provisions of the Code relating to procedure and practice not affecting the substantial rights of the parties shall apply to pending suits or proceedings. The rule of evidence of § 1271 would substantially affect the rights of the parties under such circumstances. (Following *Costello* v. *Palmer*, 20 App. D. C. 210.)

3. While parties to actions have no vested right in the rules of procedure and the latter may be changed at will by the legislature without affecting the right, yet if statutes, professing only to affect procedure or remedy, do in fact thereby affect or impair the right, they are void or inapplicable as against the enforcement of the right thus impaired.

4. While it has been the practice in this jurisdiction when the statute of limitations and a new promise are or may be in question, to sue upon the original contract, and if the statute is pleaded to meet it with a replication of the new promise, nevertheless the new promise with the pre-existing indebtedness for its consideration constitutes a new cause of action upon which suit may be maintained; and in that event necessarily the new promise may be proved by parol, notwithstanding D. C. Code, § 1271, providing that no promise by words only shall be deemed sufficient evidence to take the case out of the statute of limitations unless such promise shall be made or contained in some writing to be signed by the party chargeable thereby. If the new

promise may be created by parol, it must be provable by parol what-ever changes may thereafter be made in the rules of evidence. In such a case to change the rule of evidence would be to destroy the right, and this was not intended by that section.

5. A question of fact determined by the trial court in a case wherein trial by jury has been waived by the parties is not reviewable by this court.

6. In a suit on a promissory note against the maker alone, who has pleaded the statute of limitations, letters addressed by the payee to the holder and written more than three years before the institution of the suit, while inadmissible in evidence to prove the making of the new promise within the three years, might be admissible if connected with the defendant in some way, for example, as inducement to show why the period of limitations against the original cause of action was allowed to lapse.

7. In the trial of an action by the court without a jury there is no necessity for the rigid insistence upon the rules of evidence which would otherwise be proper.

No. 1359. Submitted December 3, 1903. Decided January 19, 1904.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in an action on a promissory note tried by the court, trial by jury having been waived by the parties. *Affirmed.*

The COURT in the opinion stated the case as follows:

This is a suit at common law, instituted in the supreme court of the District on July 6, 1901, upon a promissory note for $500 executed by the appellant William C. Shelley, under date of January 15, 1896, and payable twelve months after date to the order of George D. Day at the Patapsco National Bank, of Ellicott City, Maryland, with interest, and by Day indorsed to the appellee, Wescott. To the declaration the appellant, Shelley, as defendant, pleaded the statute of limitations, and no other plea. There was replication of a new promise within three years; and upon this replication there was joinder of issue, and the parties went to trial. A jury was waived, and trial was had before the court without a jury. The payee Day was not a party to the suit.

The testimony in the case, the substance of which has been embodied in a bill of exceptions, consisted of the testimony of the plaintiff himself, here the appellee, who, in the course of it, introduced some letters to himself from Day and some from Shelley; the testimony of Marion Duckett, his agent for the collection of the note, who testified to an interview with Shelley and an acknowledgment and promise by the latter to pay the note, and who also introduced some correspondence between himself and Shelley in regard to the matter; and, finally, the testimony of Shelley on his own behalf, in which he contradicted Duckett as to his acknowledgment and promise to pay.

The court found for the plaintiff, Wescott, and rendered judgment accordingly; and from the judgment the defendant, Shelley, has appealed.

*Mr. W. H. Robeson* and *Mr. W. D. Davidge* for the appellant.

*Mr. Clayton E. Emig* for the appellee.

Mr. Justice Morris delivered the opinion of the Court:

1. The principal contention of the appellant is to the effect that it was error to admit the testimony of the witness Duckett as to an oral promise by the appellant within the period of limitations to pay the note in suit; and the contention is sought to be supported on § 1271 of the Code of Law for the District. This section is as follows:

"In actions of debt, or upon the case grounded upon any simple contract, no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract whereby to take any case out of the operation of the statute of limitations or to deprive any party of the benefit thereof, unless such acknowledgment or promise shall be made or contained by or in some writing to be signed by the party chargeable thereby."

But there are several very conclusive answers to this contention. In the first place, the section cited does not make testimony as to

an oral acknowledgment or promise wholly inadmissible in evidence, but simply provides that it shall not be deemed *sufficient* evidence; and here there was other evidence, namely, the letters of Shelley to Duckett, to say nothing of the other evidence in the case. In the second place, this suit was pending at the time at which the Code went into effect, and was excepted from the operation of the foregoing provision, even if the provision was otherwise applicable, by § 1638 of the same Code, which is in the following terms:

"The repeal by the preceding section of any statute, in whole or in part, shall not affect any act done or any right accruing or accrued, or any suit or proceeding had or commenced in any civil cause before such repeal; but all rights and liabilities under the statutes or parts thereof so repealed shall continue and may be enforced in the same manner as if such repeal had not been made: *Provided,* That the provisions of this code relating to procedure or practice, and not affecting the substantial rights of parties, shall apply to pending suits or proceedings, civil or criminal."

It is argued that § 1271 prescribes a rule of evidence merely, and affects only the remedy, and not the right of parties; and therefore that the proviso in § 1638 for the immediate application of all the provisions of the Code relating to procedure and practice is applicable. But even if it should be conceded that § 1271 is only a provision in regard to procedure and practice, the proviso of § 1638 contains its own limitation, which would exclude the present case from its operation. For the proviso expressly limits its own application to procedure and practice *"not affecting the substantial rights of parties;"* and we hold that the rule of evidence of § 1271 applied to the present case would very seriously and substantially affect the rights of the parties. The case is very analogous to that of *Costello* v. *Palmer,* 20 App. D. C. 210, where we held that the abolition by the Code of a form of execution or satisfaction of judgments did not apply to suits pending at the time of the adoption of the Code.

With reference to statutes changing or abolishing remedies, modifying statutes of limitation, changing the law of evidence,

and otherwise affecting procedure and practice, there has been much discussion in the courts as to the distinction between right and remedy. It is conceded, on the one side, that the legislature may not validly take away or impair a right—sometimes the expression *"vested right"* is used; and, on the other side, that the legislature may alter procedure to any extent that it pleases, subject to one qualification—that it leaves the parties a substantial remedy. It is conceded by all the authorities that parties have no vested rights in the rules of procedure, and that these latter may be changed at will without affecting the right. But there is also this qualification of the doctrine well settled, that, if statutes professing only to affect procedure or remedy, do in fact thereby affect or impair the right, they are void or inapplicable as against the enforcement of the right thus impaired. If, for example, we could by a violent supposition assume that, instead of providing that a certain class of valid contracts should not be proved by oral evidence, but only by writing, the legislature should enact that neither written nor oral evidence should be admitted in proof of such contracts, we presume that the courts would be required to disregard such an enactment as being in derogation of common right, although professing only to affect the rules of evidence.

A little consideration will show us that even if § 1271 of the Code could be held applicable to the present case, which it is not, yet it would not avail to deprive the plaintiff of his remedy. While it has been the usual custom at all times in this jurisdiction, when the statute of limitations and a new promise are or may be in question, to sue upon the original contract, and when the statute of limitations is pleaded to meet it with the replication of a new promise; yet it has been held by the Supreme Court of the United States in the case of *Bell* v. *Morrison,* 1 Pet. 351, 7 L. ed. 174, that the new promise, with the pre-existing indebtedness for its consideration, constitutes a new cause of action upon which suit may be maintained. It is, therefore, the real cause of action, and, if it may be created by parol, it must necessarily follow that it must be provable by parol, whatever changes may thereafter be made in the rules of evidence. In

such case to change the rule of evidence would be to destroy the right. This the legislature undoubtedly did not intend to do by the enactment of the Code, and we do not think that it has done so.

2. It is contended in the next place that, even if a parol promise were sufficient to take the case out of the statute of limitations, the parol promise was not proved. But this is a question of fact to be determined by the trial court sitting in the place of a jury, which we cannot review. The witness Duckett testified to the fact that the defendant had acknowledged the indebtedness and promised to pay it, and he introduced some letters which tended to corroborate him. The defendant testified to the contrary. It was for the trial court to determine to which it would give credence, as it would have been for the jury if the case had been tried before a jury. It was a question of the weight of evidence with which we have nothing to do.

3. Exception was taken on behalf of the defendant to the introduction of certain letters in evidence, to some of them because they were written to Wescott by Day, a stranger to the suit, and to all of them because they were all written more than three years before the institution of the suit. The letters from Day to Wescott would probably have been inadmissible, if they had not been connected with the defendant, Shelley, in some way. We believe that the connection is sufficiently shown. The fact that they were all written more than three years before the institution of the suit would preclude their admissibility as evidence to prove the making of a new promise within the three years; but, as inducement to show why the period of limitations against the original cause of action was allowed to elapse, it is not apparent that their introduction did any harm to the defendant. The trial was before the court without a jury; and for obvious reasons there is no necessity in such a case for the rigid insistence upon the rules of evidence which would be proper in trials before a jury.

We find no reason for the reversal of the judgment appealed from; and that judgment will therefore be affirmed, with costs. And it is so ordered.            *Affirmed.*